


# United States District Court
---------- DISTRICT OF SOUTH DAKOTA ----------
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

LOLANI WHITE MOUNTAIN,

    Defendant.

**RECOMMENDED FINDINGS ON REVOCATION OF SUPERVISED RELEASE**

CASE NUMBER: CR. 08-40143-02

This matter came before the court for hearing upon the Petition to Revoke Supervised Release (Doc. 65) on Wednesday, December 16, 2009. The defendant appeared in person and by her counsel, Assistant Federal Public Defender Bill Delaney, while the United States of America appeared by Assistant United States Attorney, Connie Larson. Based upon the evidence adduced at the hearing, I hereby make the following recommended findings of fact and conclusions of law.

## Findings of Fact

Defendant is on supervised release pursuant to General, Standard and Special Conditions of Supervised Release as contained in the Judgment in a Criminal Case filed on April 7, 2009 (Doc. 49) and modified on October 28, 2009 (Doc. 64).

**Allegation Numbered 1:**

A Condition of Supervised Release as imposed on October 28, 2009, required that "the defendant shall reside and participate in a residential reentry center program, namely, the Glory House located in Sioux Falls, South Dakota, for a period of at least 5 months, or longer as deemed necessary by the probation officer, to commence immediately, and the defendant shall be classified as a prerelease case."

Defendant admitted allegation numbered 1.

On or about October 30, 2009, at Sioux Falls, South Dakota, the defendant failed to reside and participate in the residential reentry center program at the Glory House and was terminated for cause by absconding in violation of the Conditions of Supervised Release.

## Conclusions of Law

1. Failure to abide by the terms and conditions of supervised release provides a reasonable basis upon which to revoke supervised release.

2. Based upon the factual basis provided by the United States, the United States has proven by a preponderance of the evidence that the defendant has not met the conditions of her supervised release. See *United States v. Cotroneo*, 89 F.3d 510, 512 n.4 (8th Cir.), *cert. denied* 117 S.Ct. 533 (1996) and 18 U.S.C. § 3583(e)(3).

3. After conversing with the defendant personally in open court, it is the finding of the court that the defendant is fully competent and capable of entering an informed admission, that the defendant is aware of the nature of the charges and the consequences of the admission, and that the admission is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense. It is, therefore, my report and recommendation that defendant's supervised release be revoked.

4. The United States Probation Office is hereby directed to prepare and submit to the United States District Court a supplemental pre-sentence investigation within seven (7) days of the date of this report.

## Notice to Parties

Any objections to these findings and conclusions must be served and filed within fourteen days of the date of service of this notice upon you. 28 U.S.C. §636(b)(1). If no objections are filed, the district court may adopt, reject, or modify these findings and conclusions. Moreover, the court may impose an appropriate sentence based upon these findings and conclusions following a hearing.

Dated this 16 day of December, 2009.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge